(7 Misc. Rep. 429.)

### LEUBUSHER v. RUFFHEAD.

(City Court of New York, General Term. March 9, 1894.)

ACTION ON NOTE—SUFFICIENCY OF ANSWER.

The answer in an action against the indorser of a note alleged that nothing was given or received by either the maker or indorser, and that, before the transfer to plaintiff, the note had no legal inception, that it came into defendant's hands solely for the purpose of procuring its discount, and that it was transferred by defendant to plaintiff under a usurious agreement. *Held* sufficient to set up the defense of usury.

Appeal from special term.

Action by Frederick G. Leubusher against William H. Ruffhead on a promissory note. From a judgment entered on an order sustaining a demurrer to the answer, defendant appeals. Reversed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

M. C. Milnor, for appellant.

Lohenx Zeller, for respondent.

McCARTHY, J. Plaintiff demurs to the answer of the defendant on the ground that it is insufficient in law, on the face thereof. The

action is upon a promissory note, and is against an indorser,—the last of several indorsers. The answer shows that the note was made without consideration by the maker, and that no consideration existed for the various indorsements, and that it came to the hands of the defendant solely for the purpose of procuring the discounting of the note, and that prior to the transfer of the note to the plaintiff the note had no pre-existing vitality, and no legal inception. It then sufficiently alleges that the transfer of the note by defendant to plaintiff was made in pursuance of a usurious agreement, and was in violation of the statutes of this state. The issue of law thus raised was brought on for argument, and the judge at special term rendered the following decision: "Demurrer sustained. The plaintiff had a right to purchase the note in suit at the lowest possible price that defendant was willing to take for it. The transaction was not usury, but merely a sale of the note."

The justice at special term, by the demurrer, was called upon to determine whether or not the defense of usury was properly pleaded in the answer, and not to determine the merits. By the demurrer, the facts pleaded were conceded to be true. We think that this plea of usury is sufficiently set forth. See Bank v. Lewis, 75 N. Y. 516, 519.

The question whether the note was void for usury depends upon the point whether it had its inception before it was transferred to defendant or plaintiff. In Eastman v. Shaw, 65 N. Y. 527, Dwight, J., says:

"The inquiry is not whether the note is accommodation paper, but it is the mere proposition whether an action could have been maintained upon it before transfer."

Again, he says:

"If no party to the note, who is prior to the holder, could himself bring an action upon it against the maker, then no prior party ever owned the note; and the holder, being the first owner, must be held to have loaned the money to the maker, through the prior parties, who were only agents of the maker. On the other hand, if any prior party could have maintained the action, he owned the note, and sold it to the holder."

The answer, alleging that nothing was given or received by either the maker or indorser, and that, prior to the transfer to plaintiff, this note had no vitality or legal inception, and thereupon alleging a corrupt and usurious agreement between the plaintiff and defendant, was sufficient. The justice erred in sustaining plaintiff's demurrer and awarding him judgment. The judgments and orders sustaining the demurrer should therefore be reversed, with costs to the appellant. All concur.